UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| SHIRLEY TRINIDAD, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:19-CV-90-JTM-JPK |
| ) | |
| SCHOOL CITY OF EAST CHICAGO, ) | |
| *et al.*, ) | |
| Defendants. ) | |

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Compel Plaintiff's Compliant FRCP 26(a) Initial Disclosures and for FRCP 37 Sanctions [DE 17] filed on August 30, 2019 by Defendants.

At the Rule 16 preliminary pretrial conference held on April 11, 2019, the Court ordered that initial disclosures were to be exchanged by May 10, 2019. Defendants represent that Plaintiff failed to serve initial disclosures by that date. Defendants further represent that, after conferral, Plaintiff provided initial disclosures on May 31, 2019, but these initial disclosures failed to include a computation of damages. Defendants move the Court to compel disclosure of the computation of damages.[1] Plaintiff has not responded to the motion to compel and the time to do so has lapsed.

## ANALYSIS

Federal Rule of Civil Procedure 26 requires a party to provide to the other parties without awaiting a discovery request "a computation of each category of damages claimed by the disclosing party." Fed. R. Civ. P. 26(a)(1)(A)(iii). The party must also make available documents on which the computation is based, unless the documents are protected from discovery. *Id.* Rule

---
[1] The Court notes that the certificate of compliance with Northern District of Indiana Local Rule 37-1 and Federal Rule of Civil Procedure 37 indicates that the attempt to confer was made via email. In the future, the Court expects counsel to attempt a live conversation (either in-person or via telephone) before filing a discovery motion.

26 further provides that "[a] party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case . . . ." *Id.* at 26(a)(1)(E). "In other words, [Rule 26] requires early disclosure of an approximation of damages to give Defendants some idea of the value of Plaintiff's claims." *Benson v. M2 Prop. Grp. LLC*, No. 18-C-860, 2019 WL 2359395, at *2 (E.D. Wis. June 4, 2019); *accord Fabick, Inc. v. FABCO Equip., Inc.*, No. 16-cv-172, 2017 WL 6001869, at *5 (W.D. Wis. Dec. 4, 2017) ("[P]laintiff does not attempt to argue that its initial disclosure . . . was adequate, nor could it since the disclosure only lists categories of damages without any attempt at a 'computation.'"); *Payne v. N. Tool & Equip. Co.*, No. 2:13-CV-109, 2014 WL 6473427, at *1, *3 (N.D. Ind. Nov. 18, 2014) (finding initial disclosures deficient where party listed "N/A" for calculation of damages because counsel did not yet have a precise calculation of damages); *see also Dynegy Mktg & Trade v. Multiut Corp.*, 648 F.3d 506, 514 (7th Cir. 2011) ("Multiut and Draiman started off discovery on the right foot by providing Dynegy with rough estimates of the damages associated with their counterclaims in their original disclosures.").

In her Complaint, Plaintiff requests compensatory damages, exemplary damages, punitive damages, injunctive relief, costs (including interest and attorney fees), and other equitable relief as the Court deems just. (Compl. 18-19, ECF No. 4).

Defendants state that Plaintiff's initial disclosures are a "mirror image" of their own disclosures, but where Defendants stated that the requirement to disclose a calculation of damages is inapplicable to Defendants, Plaintiff provided the following explanation:

> Plaintiff has not yet fully computed its damages, nor can it do so absent discovery, as various documents and information required for Plaintiff's computation [are] in the exclusive possession and control of Defendants or Third Parties and are as yet unavailable to Plaintiff. Plaintiff reserves the right to supplement this disclosure, and to make all documents and evidentiary material

associated with such supplementation available to Defendants[] for inspection and copying pursuant to Rule 34[] as discovery commences.

(Pl.'s Fed. R. Civ. P. 26(a)(1) Initial Disclosures 6, ECF No. 18-4). Though Plaintiff provides more information than Defendants give her credit for, her initial disclosures are deficient due to the failure to provide any approximation of damages for the types of monetary damages requested in her Complaint. Therefore, the motion to compel is granted.

Of course, Federal Rule of Civil Procedure 26(e) not merely permits but places a duty on the parties to supplement their disclosures if the disclosures are incomplete or incorrect in a material respect. Fed. R. Civ. P. 26(e). Therefore, if, after Plaintiff makes her initial approximation of damages, Plaintiff learns that the approximation is materially incomplete or incorrect, she should supplement it, as she suggested she would in her initial disclosures.

Defendants request an award of attorney fees under Federal Rule of Civil Procedure 37, which provides that, after a motion to compel is granted,

> the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). The Court will set the issue of attorney fees for briefing so that Plaintiff has an opportunity to be heard.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** Defendants' Motion to Compel Plaintiff's Compliant FRCP 26(a) Initial Disclosures and for FRCP 37 Sanctions [DE 17]. The

Court **ORDERS** Plaintiff to supplement her initial disclosures with a computation of each category of monetary damages sought **on or before October 2, 2019**.

The Court **SETS** the deadline for Plaintiff to file a response regarding an award of reasonable expenses under Rule 37(a)(5)(A) for **October 2, 2019**. Defendants may file a reply within seven days of the filing of a response.

So ORDERED this 18th day of September, 2019.

s/ Joshua P. Kolar<br>
MAGISTRATE JUDGE JOSHUA P. KOLAR<br>
UNITED STATES DISTRICT COURT